IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:21-cr-160-RAH |
| | ) | [WO] |
| DEVLON WILLIAMS | ) | |

## **MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on Defendant Devlon Williams's *Motion to Reconsider And Motion for a New Trial* (Doc. 206), filed pursuant to Rules 29 and 33 of the Federal Rules of Criminal Procedure.

The Court has reviewed the motion, the Government's response, the Defendant's reply, and has considered the evidence at trial. Because the evidence was more than sufficient to prove Defendant's guilt on all three counts and because the Defendant has shown no error or grounds for a new trial, Defendant's motion is due to be denied.

## **LEGAL STANDARD**

Two separate legal standards govern Rule 29 motions for judgment of acquittal[1] and Rule 33 motions for new trial. Under Rule 29, a district court "must view the evidence in the light most favorable to the [G]overnment, and determine

---

[1] The Court construes the motion to reconsider as a motion for judgment of acquittal made under Rule 29(c).

whether a reasonable jury could have found the Defendant guilty beyond a reasonable doubt." *United States v. Molina*, 443 F.3d 824, 828 (11th Cir. 2006). In other words, "a district court should apply the same standard used in reviewing the sufficiency of the evidence to sustain a conviction." *United States v. Ward*, 197 F.3d 1076, 1079 (11th Cir. 1999). The Court "must view the evidence in the light most favorable to the government," "must resolve any conflicts in the evidence in favor of the government," and "must accept all reasonable inferences that tend to support the government's case." *Id.*

Under Rule 33(a), the Court is empowered to grant a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33(a). Outside the context of claimed newly discovered evidence, this standard is broad, and the decision to grant a new trial is within the sound discretion of the trial court. *United States v. Martinez*, 763 F.2d 1297, 1312 (11th Cir. 1985). The Court need not view the evidence in the light most favorable to the verdict; it may weigh the evidence and consider the credibility of the witnesses. *Id*. If the Court concludes that the evidence weighs "sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, it may set aside the verdict, grant a new trial, and submit the issues for determination by another jury." *Id.* Motions for new trial based on the weight of the evidence are disfavored, and courts are to grant them sparingly, only in "exceptional cases." *Id*. at 1313.

## DISCUSSION

After a four-day jury trial, the jury found Defendant guilty of three counts: (1) willfully depriving inmate D.H. of his constitutional rights while acting under color of law by striking D.H. with his feet and a collapsible baton in violation of 18 U.S.C. § 242, (2) falsifying records by falsely writing in an incident report that D.H. "was not kicked at any time by Correctional Staff" in violation of 18 U.S.C. § 1519, and (3) knowingly engaging in misleading conduct by falsely telling an Alabama Department of Corrections investigator that he did not kick D.H. in violation of 18 U.S.C. § 1512(b)(3).

Relying almost exclusively on his own self-serving trial testimony about the events of the evening in question, Defendant alleges the trial evidence is insufficient to support the three convictions against him and that he should be acquitted or alternatively given a new trial. The Government responds that there is more than enough evidence to prove Defendant's guilt when the totality of the witness testimony is considered.

The Court notes that at least six witnesses (nurses Terry Sowash, Marquita Sanders, and Yolanda Marlowe, correctional officers Larry Managan, Jamie Smith, and Marshall Davis), including co-defendant Larry Managan, provided testimony in direct contrast to Defendant's version of events. And in particular, Managan testified that Defendant did in fact strike and kick inmate D.H. in the healthcare unit hallway

3

even though inmate D.H. posed no threat, was unarmed (i.e., had no knife or other weapon), was not resisting, was curled up in a protective/fetal position, and had done nothing that required the use of force, let alone striking and kicking. Managan also testified to Defendant's efforts to concoct a false story that inmate D.H. had a knife in the healthcare unit hallway. Another witness, correctional officer Jamie Smith, testified that he personally picked up the subject knife from inside the chapel and personally took it to the shift office (i.e., there was never a knife in the healthcare unit hallway) and that Defendant later contacted him and tried to get him to lie and concoct a story that the knife was in the healthcare unit hallway. And there was evidence from several nurses in the healthcare unit who testified that they did not see inmate D.H. do, say, or have anything on or about him that justified any use of force and that they saw Defendant kick inmate D.H. Additional evidence was provided by the Government showing that Defendant denied to investigators (agent William Caulfield) and in an incident report that he had kicked D.H.

As such, there was overwhelming evidence that Defendant not only kicked D.H. in the healthcare unit hallway when there was no legitimate penal reason to do so, but that Defendant lied about it both on a written incident report and in verbal statements to investigators. The Court sees no reason to discuss the evidence any further, especially since Defendant's motion appears to be nothing more than a rehash of his closing argument and relies almost exclusively on Defendant's own

self-serving trial testimony. Defendant has failed to demonstrate that, based on the evidence presented, no reasonable jury could find him guilty beyond a reasonable doubt. Nor has he shown that the evidence weighs so heavily against the verdict that a serious miscarriage of justice may have occurred. Therefore, to the extent the Defendant seeks reconsideration of the Court's previous Rule 29 rulings, a judgment of acquittal, or a new trial based on the evidence presented at trial, the Defendant's motion is due to be denied.

In his motion, Defendant also seeks a new trial based on this Court's pre-trial and trial rulings concerning certain proffered evidence and argument (e.g., an internal administrative investigation, the poor conditions of the Alabama prison system, the civil lawsuit filed by inmate D.H. and his criminal and disciplinary history, excerpts from a video interview, specific instances of Defendant's good conduct and character, and Defendant's potential punishment) made the basis of the Government's pre-trial motions in limine and trial objections. Defendant fails to show any error, let alone error of such degree that a new trial is necessary. The Court notes that the Defendant's motion merely recites his motion in limine and trial arguments, and provides very little substantive argument or legal reasoning for why the proffered evidence was admissible or why the Court's rulings were wrong or in error. In fact, at trial, when defense counsel was questioned by the Court as to the relevancy of much of the evidentiary issues made the basis of the Government's

motions and objections, defense counsel repeatedly asserted that the Defendant should be permitted to present this evidence "because the jury should know it."[2] Such repeated responses only confirmed the Government's position and the Court's concerns that the Defendant intended to offer this evidence for an impermissible purpose, had no direct relevance to the issues in the case, and was intended to confuse and nullify the jury.  Defendant's motion for new trial, especially in the absence of legal argument, continues to underscore the improper purpose for which the Defendant sought to admit that evidence.  The Defendant's argument were unconvincing then, and they remain so now.

## CONCLUSION

Accordingly, it is ORDERED that the Defendant's *Motion to Reconsider And Motion for a New Trial* (Doc. 206) is DENIED.

DONE, on this the 22nd day of September 2023.

*/s/ R. Austin Huffaker, Jr.*

R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE

---

[2] The Court does not have the benefit of the trial transcript at the present moment, but characterizes defense counsel's answers based on the Court's own recollection.